UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAUSTON HUERTA, THOMAS BOLTON, JR., CURTIS GILLIE, CARL SHERB, DEREK HICKS, and DURAND RANDLE, <br>     *Plaintiffs*, <br><br> *vs.* <br><br> GREG EWING, ET AL., <br>     *Defendants*. | ) ) ) ) ) ) ) ) ) | 2:16-cv-00397-JMS-DKL |

## ORDER

On May 17, 2017, the Court held a hearing on the parties' Joint Motion to Approve Joint Stipulation and Class Certification, [Filing No. 37].[1] Plaintiffs were present by counsel Michael Sutherlin. Defendant Sheriff Greg Ewing was present in person and by counsel Craig McKee, David Friedrich, and Michael Wright. The remaining Defendants were present by counsel David Friedrich and Michael Wright. The court reporter was Jean Knepley.

The Court outlined its continuing concerns with the Joint Motion to Approve Joint Stipulation and Class Certification, and counsel discussed those concerns. Based on that discussion and on the parties' filings, the Court makes the following rulings:

---

[1] Plaintiffs filed a Joint Stipulation on March 27, 2017, [Filing No. 36], and then filed the Motion to Approve Joint Stipulation and Class Certification on April 7, 2017, [Filing No. 37]. After an April 20, 2017 telephonic status conference in which the Court invited the parties to submit any revisions to the Motion to Approve, Plaintiffs filed a Proposed Joint Stipulation on May 15, 2017, [Filing No. 44]. The Court assumes the Motion to Approve relates to the most recent Joint Stipulation, filed on May 15, 2017, [Filing No. 44], and considers the initial Joint Stipulation, [Filing No. 36], **WITHDRAWN**.

### A. Joint Stipulation

The Court **DENIES IN PART WITH EXPLANATION** the Joint Motion to Approve Stipulation and Class Certification to the extent it requests approval of the Joint Stipulation. [Filing No. 37.] The parties' statements at the hearing clarified that they have differing opinions regarding whether the Joint Stipulation is a consent decree, a private settlement agreement, or something else altogether. If it were the former, it must comply with the provisions of the Prison Litigation Reform Act and it does not. If it were the latter, then the Court's approval is not necessary or appropriate. As the parties could not agree on how it should be treated, the Court will treat it as a reflection of the parties' agreement as to certain facts, and future plans with respect to resolution of the issues in this litigation. The Court, therefore, **ACCEPTS** the Proposed Joint Stipulation, [Filing No. 44],[2] save for the following language:

> Plaintiffs' counsel will petition the Court for fees from time to time, in the course of monitoring the progress of construction and compliance with the time line. The County reserves the right to object to any fee applications for any reason and the Court retains its discretion regarding approval of fees. The County agrees to pay any fees ordered by the Court within 30 days of the order. When counsel's fees exceed the Cap, the County is free to argue that [the] PLRA rate (or a lower hourly rate) should apply to an award of plaintiffs' attorney fees.

[Filing No. 44 at 3.] As the Court stated at the hearing, the parties may privately agree to whatever arrangement they would like regarding attorneys' fees. But the Court will not entertain interim fee petitions, nor order payment of such fees on an interim basis, pursuant to anything short of a merits adjudication, which has not been entered here.

---

[2] Filing No. 36 and Filing No. 44 are not motions, and the Clerk is directed to **TERMINATE** them as such on the docket.

The language of the Proposed Joint Stipulation that the Court has accepted may be used to support Plaintiffs' Motion for Preliminary Injunction, [Filing No. 12], a future dispositive motion, or for any other purpose for which a stipulation may legally be used.

**B. Class Certification**

The Court **GRANTS IN PART** the Joint Motion to Approve Joint Stipulation and Class Certification, [Filing No. 37], to the extent that it seeks class certification, and likewise **GRANTS** Plaintiffs' Motion for Class Certification, [Filing No. 10]. The Court has reviewed Plaintiffs' Motion for Class Certification, [Filing No. 10], along with Defendants' Notice of Consent to Class Action Certification, [Filing No. 19], and finds that the requirements of Fed. R. Civ. P. 23 are satisfied here. Specifically, the Court must find that the putative class satisfies the four prerequisite set forth in Fed. R. Civ. P. 23(a). If the putative class does satisfy these prerequisites, the Court must additionally find that it satisfies the requirements set forth in Fed. R. Civ. P. 23(b), which vary depending on which of three different types of class is proposed.

It is the plaintiffs' burden to prove first that an identifiable class exists that merits certification under Federal Rule of Civil Procedure 23(a). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The four prerequisites under Rule 23(a) are: "(1) [that] the class is so numerous that joinder of all its members is impracticable; (2) [that] there are questions of law or fact common to the class; (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Class certification is not appropriate unless the named plaintiff establishes all four prerequisites. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).

In their Motion to Certify, Plaintiffs define the putative class as:

> All individuals in the care and custody of Vigo County, Indiana, including the current and future inmates who are or will be incarcerated in the Vigo County Jail and all current and future individuals who were transported to other county jails as a result of the overcrowding in the Vigo County Jail.

[Filing No. 11 at 1.] The Court finds that Plaintiffs have met their burden of showing that class certification is appropriate here.

First, the class is so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). Hundreds of individuals are incarcerated at the Vigo County Jail on any given day. Indeed, Sheriff Ewing stated at the hearing that three hundred and twenty seven individuals were incarcerated at the Vigo County Jail on May 17, 2017.

Second, there are questions of law or fact common to the class. *See* Fed. R. Civ. P. 23(a)(2). These common questions include: (a) whether Defendants are constitutionally required to provide a jail that is not overcrowded; (b) whether Defendants have systematically violated that mandate; (c) if Defendants are in violation of their duties, what efforts are required to remedy their constitutional violations; (d) whether the class members are entitled to a declaratory judgment; and (e) whether the class members are entitled to preliminary and permanent injunctive relief.

Third, the Named Plaintiffs' claims are typical of the class claims. *See* Fed. R. Civ. P. 23(a)(3). The Named Plaintiffs are all inmates at the Vigo County Jail, and are facing the same conditions as the putative class members. The Named Plaintiffs' claims and the claims of the putative class members are all based on the same legal theories and the declaratory and injunctive relief sought would apply to both the Named Plaintiffs and the putative class members in the same way.

Fourth, the Named Plaintiffs and their counsel will fairly represent the class. *See* Fed. R. Civ. P. 23(a)(4). The Court has no basis to find that the Named Plaintiffs and their counsel will

not pursue the class's interests, and notes that class counsel has experience litigating these types of cases.

Finally, Plaintiffs have alleged that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiffs' claims against Defendants center on an alleged systematic failure to maintain adequate conditions for all Vigo County Jail inmates.

Because Plaintiffs have satisfied the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2), the Court certifies the following class:

> All inmates in the care and custody of Vigo County, Indiana from October 13, 2016 to the present, including the current and future inmates who are or will be incarcerated in the Vigo County Jail and all current and future individuals who were transported to other county jails as a result of the overcrowding in the Vigo County Jail.

The Court clarifies, however, that it is not certifying a class with respect to any personal injury claims members of the class may have as a result of jail overcrowding. Because adjudicating those claims would necessarily involve highly individualized issues, class treatment is not appropriate. In any event, the Court does not read Plaintiffs' Motion to Certify to request certification of personal injury claims.

The Court further **APPROVES** the Notice to Class Members that has been modified from the notice submitted by the parties, and which is attached as Exhibit 1 to this Order. To the extent any party objects to the Notice, it must file an objection by **May 31, 2017**. If no objection shall be filed, notice shall be provided in a manner agreed upon by the parties, and the parties shall file a report reflecting their agreement on or before **June 14, 2017**.

### C. Motion for Preliminary Injunction

Plaintiffs' Motion for Preliminary Injunction, [[Filing No. 12]], remains pending. The Court **ORDERS** the parties to file a Report by **June 9, 2017** advising whether they have reached agreement regarding an Agreed Preliminary Injunction, and if so, the parties are **ORDERED** to submit a draft Agreed Preliminary Injunction by **June 16, 2017**. If not the parties shall propose a future course for resolving the motion by the same date.

May 19, 2017

*[Signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**