UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAUSTON HUERTA, THOMAS BOLTON, JR.,<br>CURTIS GILLIE, CARL SHERB, DEREK HICKS,<br>and DURAND RANDLE, *individually and on<br>behalf of present and future inmates of Vigo<br>County Jail*,<br>　　　*Plaintiffs*,<br><br>　　*vs.*<br><br>SHERIFF GREG EWING, VIGO COUNTY<br>COMMISSIONERS, VIGO COUNTY COUNCIL, ET<br>AL.,<br>　　　*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:16-cv-00397-JMS-MJD |

**ORDER**

In October 2016, Plaintiff Jauston Huerta, an inmate at the Vigo County Jail (the "Jail")

initiated this litigation as a putative class action against Vigo County Sheriff Greg Ewing, the Vigo

County Commissioners, and the Vigo County Council alleging that the Jail is overcrowded, does

not adequately protect inmates against exposure to disease, and does not provide adequate due

process to inmates in violation of the United States Constitution. The following month, Mr. Huerta

filed an Amended Complaint adding several additional named plaintiffs. After attempting without

success to reach an agreement with Defendants regarding overcrowding at the Jail, Plaintiffs have

moved for the appointment of a three-judge panel to address that issue, [Filing No. 95], and their

motion is now ripe for the Court's decision.

**I.**
**BACKGROUND**

Shortly after Plaintiffs filed their Amended Complaint, they also filed a Motion to Certify

Class and a Motion for Preliminary Injunction. [Filing No. 10; Filing No. 12.] In May 2017, the

Court certified a class of all inmates at the Jail from October 13, 2016 to the present, including

current and future inmates who are or will be incarcerated at the Jail and all current and future individuals who were transported to other county jails as a result of overcrowding at the Jail. [Filing No. 46 at 3-4.] Plaintiffs filed an Amended Motion for Preliminary Injunction, [Filing No. 65], only to withdraw it when it appeared that the parties had reached an agreement regarding overcrowding at the Jail, [Filing No. 87]. The parties, however, have not been able to reach agreement to date regarding an agreed preliminary injunction, and Plaintiffs filed a Motion for the Appointment of a Three Judge Panel on January 11, 2018. [Filing No. 95.]

## II.
### DISCUSSION

In their motion, Plaintiffs argue that Defendants, "in spite of many promises and hoped-for resolutions, have not committed to building a new jail, which is the only feasible solution in the long run to address the chronic overcrowding conditions." [Filing No. 95 at 2.] Plaintiffs discuss a Private Consent Settlement Agreement that was reached in a different case related to overcrowding at the Jail, *David Acosta, et al. v. William Harris, et al.*, Case No. TH00-081-C-Y/H (the "Acosta Agreement"). [Filing No. 95 at 2.] Plaintiffs contend that the Acosta Agreement required that the Jail capacity be kept at no more than 268 inmates, that "[t]he population reached the design capacity within a few years and has been overcrowded and continues to be overcrowded," and that the Vigo County Sheriff, Vigo County Commissioners, and Vigo County Council "ignored" the Acosta Agreement. [Filing No. 95 at 2-3.] Plaintiffs note that the American Civil Liberties Union then brought an enforcement action related to the Acosta Agreement in Vigo County Superior Court, *Hos v. Ewing, et al.*, Case No. 84D01-1308-PL-007173, which is currently pending in Sullivan Superior Court before a Special Judge. [Filing No. 95 at 3.] Plaintiffs assert that although no preliminary injunction has been entered in this case, "the Court should order the release of prisoners so as to ensure the jail population is not sleeping on the floor," and that only a

three-judge panel can order the release of prisoners pursuant to 18 U.S.C. § 3626.  [Filing No. 95 at 3-4.]  They request appointment of a three-judge panel "to address the continuing unconstitutional problems" at the Jail.  [Filing No. 95 at 4.]

Defendants did not respond to Plaintiffs' motion.

18 U.S.C. § 3626(a)(3) provides for the appointment of a three-judge panel to consider whether the release of prisoners should be ordered to remedy constitutional violations.  To obtain a prisoner release order, the plaintiff must show that:

> (i)      a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and
>
> (ii)     the defendant has had a reasonable amount of time to comply with the previous court orders.

18 U.S.C. § 3626(a)(3)(A).  The term "prisoner release order" "does not necessarily mean an order requiring the release of inmates; instead, the [Prison Litigation Reform Act] broadly defines the term as including 'any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison.'"  *Plata v. Schwarzenegger*, 2007 WL 2122657, *1 (N.D. Cal. 2007) (quoting 18 U.S.C. § 3626(g)(4)).

Section 3626(a)(3)(C) provides that:

> A party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) [a prior court order for less intrusive relief that has failed to remedy the deprivation and a reasonable amount of time to comply] have been met.

18 U.S.C. § 3626(a)(3)(C).

When considering whether a three-judge panel should be convened, the Court need not consider whether a prisoner release order is ultimately appropriate, which would require showing

by clear and convincing evidence that crowding is the primary cause of the violation of a Federal right, and no other relief will remedy the violation of the Federal right. *See* 18 U.S.C. § 3626(a)(3)(E); *Plata*, 2007 WL 2122657 at *1.

Plaintiffs here have failed to meet the first requirement for appointment of a three-judge panel – that a court has "previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order." 18 U.S.C. § 3626(a)(3)(A). Plaintiffs discuss failed negotiations with Defendants in this case, the Acosta Agreement, and the *Hos* enforcement action. But they do not point to a court order that has been entered in this case, in *Acosta*, or in *Hos* related to the claims raised in this litigation. This failure is fatal to their request for appointment of a three-judge panel at this point in the proceedings, and mandates that the Court deny their motion.

## III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for the Appointment of a Three Judge Panel, [95]. To the extent that circumstances change which would support the appointment of a three-judge panel, Plaintiffs may re-file their motion.

Date: 2/8/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**

4