UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAUSTON HUERTA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:16-cv-397-JMS-MJD |
| | ) |
| JOHN PLASSE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Motion for Settlement Conference to Discuss Status of Jail and the Pandemic**

Plaintiffs, by counsel, say that:

1. On December 14, 2020, they filed their Motion for Further Status Report to Address COVID-19 and the Vigo County Jail (Dkt. 286).

2. On December 15, 2020, this Court issued its Order requiring the status report that plaintiffs had requested be filed by the defendants. (Dkt. 287).

3. On December 18, 2020, defendants filed their status report addressing the pandemic and the Vigo County Jail. (Dkt. 288).

4. The defendants' status report specifies that were 108 Vigo County Jail prisoners who had tested positive for COVID-19. (*Id.*).

5. Plaintiffs' counsel receive a daily Vigo County Jail population report.

[1]

6. The population report for December 18, 2020, the date of the status report, states that there were 260 persons confined to the Jail on that date. This means that slightly more than 41% of the Jail's population has tested positive for the disease.

7. This alarmingly high percentage highlights the difficulty of controlling the disease in a penal setting, a problem that is certainly not unique to the Vigo County Jail.

8. Social distancing is essential to fight the spread of the disease as "COVID-19 spreads easily from person to person, mainly by the following routes: Between people who are in close contact with one another (within 6 feet)." Centers for Disease Control and Prevention, *CDC-19 (Coronavirus Diseases) – Your Health - How to Protect Yourself & Others,* Updated Nov. 27, 2020, https://www.cdc.gov/coronavirus/2019-ncov/prevent-gettingsick/prevention.html#:~:text=Stay%20at%20least%206%20feet,of%20getting%20very%20sick. (last visited Dec. 21, 2020).

9. The reality, of course, is that social distancing is generally impossible in a penal setting and it is made more difficult in the Vigo County Jail that is chronically overcrowded.

10. The Jail has only 267 permanent beds and this Court has noted that correctional experts state, and the Sheriff concedes, that the Jail is overcrowded when it is above 80% of its capacity. (Dkt. 146 at 4-5).

11.     Although the Jail's population was 260 on December 18, 2020, it rose to 269 on December 21, 2020, and has averaged slightly more than 287 prisoners a day this month. It was 290 on December 17, 2020.

12.     The fact that the Jail population dropped by 30 prisoners in the 24 hours between December 17 and 18, 2020, could indicate that there may be mechanisms to reduce the population of the Jail that have not been consistently utilized.

13.     It is vitally important that all such mechanisms be explored, discussed, and utilized given that: 1) this Court has already declared, prior to the pandemic, that "the conditions at the Jail violate both the Eighth and Fourteenth Amendments to the United States Constitution" (*Id.* at 16); 2) it is unlikely that prisoners in the Jail will be offered vaccinations soon; and 3) the new Jail will not be opened until 2022.

14.     Class counsel believe that it would be helpful for the Court to order a settlement conference in this matter for counsel and the defendants to discuss in a candid and open discussion all steps being taken to reduce the population of the Jail to attempt to ensure, to the greatest extent possible, the safety of those in the Jail, both prisoners and Jail staff.

15.     Plaintiffs recognize that the Sheriff, the initial defendant in this case, is in a position where he is unable to control the population numbers in the Jail as he does not have the ability to, on his own, depopulate the Jail.

16.     Plaintiffs acknowledge that many of the persons who have more control of the Jail population than the Sheriff – including the Vigo County prosecutor, defense attorneys,

judges of the Vigo County courts with criminal jurisdiction, the Vigo County Probation Department, and the Vigo County Police Department—are not parties to this case.

17.     Nevertheless, plaintiffs respectfully suggest that it might be helpful to invite representatives of some or all the above entities to engage in the discussion that plaintiffs propose in paragraph 14 as perhaps such discussion may provide options that have not yet been considered that could positively affect the population of the Jail and prevent the need for the plaintiffs to seek a prisoner release order pursuant to 18 U.S.C. § 3626(a)(3)(B).

    WHEREFORE, plaintiffs request that this Court:

    a.     Set this matter for a settlement conference where the parties may appear to discuss all steps currently being taken to reduce the population of the Vigo County Jail and to protect the existing population, particularly considering the ongoing pandemic.

    b.     Consider inviting, or requesting that the defendants invite, participation in the conference by representatives of Vigo County entities whose actions impact the Jail population.

    c.     Grant all other proper relief.

| | |
|---|---|
| Kenneth J. Falk<br>ACLU of Indiana<br>1031 E. Washington St.<br>Indianapolis, IN 46202<br>317/635-4059<br>fax: 317/635-4105<br>kfalk@aclu-in.org<br><br>Attorney for the Certified Class | /s/ Michael K. Sutherlin<br>(w/ permission)<br>Michael K. Sutherlin<br>1331 Maryland Ave. SW – No. 146<br>Washington, DC 20024<br>317/345-0830<br>msutherlin@gmail.com<br><br>Attorney for Plaintiffs and the Certified Class |